UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JERRY ALLEN KNIGHT,

      Plaintiff,

v.                                    Case No. 3:21-cv-797-MMH-JBT

JACKSONVILLE SHERIFF
OFFICE, et al.,

      Defendants.
_____

## ORDER

      Plaintiff Jerry Knight initiated this action on August 16, 2021, by filing a pro se Civil Rights Complaint (Complaint; Doc. 1) under 42 U.S.C. § 1983. Knight names the Jacksonville Sheriff's Office (JSO) and Officer Blake Ortagus as Defendants. Knight asserts that Ortagus used excessive force against him during an arrest and that he was denied medical treatment. Complaint at 4-5.[1] As relief, Knight requests compensatory and punitive damages. Id. at 5.

      The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief

---

[1] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.

against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Central State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id.

The Court must read a plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him or her of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015). Moreover, in § 1983 cases, the Eleventh Circuit "requires proof of an affirmative causal connection between the official's acts or

2

omissions and the alleged constitutional deprivation." <u>Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. <u>See</u> <u>L.S.T., Inc., v. Crow</u>, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); <u>Fullman v. Graddick</u>, 739 F.2d 553, 556-57 (11th Cir. 1984). As such, "'conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" <u>Rehberger v. Henry Cty., Ga.</u>, 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted). In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, Knight cannot sustain a cause of action against the Defendants.

## **Knight's Allegations**

In the Complaint, Knight alleges that at 10:30 p.m. on August 30, 2019, he was arrested. Complaint at 5. "After being handcuffed by J.S.O[.] Officer Blake Ortagus, the officer struck me four times in the head with his flashlight, kick[ed] me repeatedly, and placed his fingers in my nostrils pulling harshly." <u>Id.</u> Knight contends Ortagus' actions amounted to the use of excessive force. <u>Id.</u> at 4. Knight asserts that he suffered lacerations to his head, eyes, and nose, as well as a dislocated shoulder. <u>Id.</u> He further states that he was denied medical treatment "even though an ambulance was present at the scene." <u>Id.</u>

## Claims Against JSO

Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits. Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit). "Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued." Faulkner v. Monroe Cty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013). Thus, a district court does not err in dismissing a claim against a Florida Sheriff's office. Id. Because JSO is not a legal entity amenable to suit, Knight fails to state a § 1983 claim upon which relief may be granted against JSO and, therefore, JSO is due to be dismissed.

## Claims Against Officer Blake Ortagus

Knight sues Ortagus in his official capacity only. Complaint at 2. Where an officer is sued under § 1983 in his official capacity, the suit is actually a proceeding against the entity the officer represents. See Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla., 402 F.3d 1092, 1115 (11th Cir. 2005); see also Hafer v. Melo, 502 U.S. 21, 25 (1991) ("[O]fficial-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting Kentucky v. Graham, 473 U.S. 159, 165 (1985)). Accordingly, Knight's claim against Ortagus in his official capacity

4

as a Jacksonville Sheriff's Officer is actually a claim against the city of Jacksonville. As such, the Court considers Ortagus' official capacity liability in the context of those cases discussing county and municipal liability under § 1983.

To the extent that Knight seeks to hold the city of Jacksonville through Ortagus vicariously liable for the actions or omissions of the employees responsible for Knight's injury, Knight has failed to state a claim upon which relief can be granted. The United States Supreme Court has soundly rejected the theory of respondeat superior as a basis for liability in § 1983 actions. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658 (1978). Instead, a county or municipality may be liable in a § 1983 action "only where the municipality itself causes the constitutional violation at issue." Cook ex. rel. Estate of Tessier, 402 F.3d at 1115 (citations omitted). Thus, a plaintiff must establish that an official policy or custom of the municipality was the "moving force" behind the alleged constitutional deprivation. See Monell, 436 U.S. at 693-94. "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997) (citation omitted). The policy requirement is designed to "'distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to

5

action for which the municipality is actually responsible.'" Grech v. Clayton Cnty., Ga., 335 F.3d 1326, 1329 n.5 (11th Cir. 2003) (en banc) (quotation omitted). Indeed, municipal liability arises under § 1983 only where "'a deliberate choice to follow a course of action is made from among various alternatives' by city policymakers." City of Canton v. Harris, 489 U.S. 378, 389 (1989) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 483-84 (1986)). A municipality will rarely have an officially-adopted policy that permits a particular constitutional violation, therefore, in order to state a cause of action for damages under § 1983, most plaintiffs must demonstrate that the municipality has a custom or practice of permitting the violation. See Grech, 335 F.3d at 1330; McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). The Eleventh Circuit has defined "custom" as "a practice that is so settled and permanent that it takes on the force of law" or a "persistent and wide-spread practice." Sewell, 117 F.3d at 489.

In some circumstances, "the failure to provide proper training may fairly be said to represent a policy for which the city may be held liable if it actually causes injury." City of Canton, 489 U.S. at 390. Failure to train can lead to municipal liability "only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants [such that the failure to train] can be properly thought of as a city 'policy or custom' that is actionable under § 1983." Id. at 388-89 (alteration

6

added). Thus, in order to assert such a claim, a plaintiff must "present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998). The Eleventh Circuit has repeatedly held that "without notice of a need to train or supervise in a particular area, a municipality is not liable as a matter of law for any failure to train or supervise." Id. at 1351. Indeed, "the need for such training must be plainly obvious to [County] decisionmakers," such as where there is "evidence of a history of widespread prior abuse." Wright v. Sheppard, 919 F.2d 665, 674 (11th Cir. 1990) (alteration added); see also Rocker v. City of Ocala, Fla., 355 F. App'x 312, 314 (11th Cir. 2009) (per curiam).[2] Here, Knight fails to allege the existence of any particular custom or policy in Jacksonville, much less one that caused the actions about which he complains.

---

[2] The Court notes that the Supreme Court, in dictum, has left open the possibility that "a need to train could be 'so obvious,'" that a city could be held liable even without a pattern of prior constitutional violations. See Gold, 151 F.3d at 1352 (citing City of Canton, 489 U.S. at 390). The Supreme Court offered the example of the need to train officers in the use of deadly force where the officers are provided firearms. City of Canton, 489 U.S. at 390 n.10. Because an "obvious need" claim "must be based on a 'particular glaring omission in a training regimen' and not merely on 'possible imperfections' in a training program," the Court finds that the record here does not contain evidence to sustain a failure to train claim based on this theory. See West v. Tillman, 496 F.3d 1321, 1331 n.16 (11th Cir. 2007) (quoting Gold, 151 F.3d at 1352).

7

Additionally, Knight's allegations are conclusory and vague, which are insufficient to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., 49 F.3d at 684. Knight has failed to allege facts concerning Ortagus' subjective state of mind and, therefore, has failed to establish an element of an excessive force claim. See Sconiers v. Lockhart, 946 F.3d 1256, 1265 (11th Cir. 2020) (noting that the subjective element of an excessive force claim requires a plaintiff to allege the force was applied in a malicious or sadistic manner). Accordingly, Knight has failed to state a claim upon which relief can be granted; therefore, Ortagus is due to be dismissed from this action.

In light of the above, it is

**ORDERED** that**:**

1. This case is hereby **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of Court shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of August, 2021.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

Jax-8

c: Jerry Allen Knight  #J06893

8